# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9451 | **DATE** | 6/26/2002 |
| **CASE TITLE** | LFG, LLC vs. Navarre, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/17/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order that the court denies defendants' motion to dismiss or for a more definite statement. The court grants defendants' motion to strike in part. The requests for attorney's fees are stricken from Counts 4 and 5. The motion to strike is otherwise denied. Defendants are directed to answer the complaint on or before July 10, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 27 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| DL | courtroom deputy's initials | 02 JUN 26 PM 8:16 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LFG, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 C 9451 |
| | ) |
| ROBERT NAVARRE and | ) |
| KAREN NAVARRE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

LFG, LLC has filed a complaint against Robert and Karen Navarre seeking to avoid and recover allegedly fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(B), 11 U.S.C. §§ 544 (b), 740 ILCS 160/5(a)(2), 740 ILCS 160/6(a), and asserting common law claims of conversion and unjust enrichment. The Navarres have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and to strike certain requests for relief. For the reasons stated below, the Court denies the motion to dismiss but grants the motion to strike in part.

### Facts

LFG filed a Chapter 11 petition in April 2001 and has brought these claims as the debtor-in-possession. LFG is an Illinois limited liability company of which 90% is owned by Linnco Futures Group, an Illinois corporation. Linnco was managed by its CEO, Steve Klemen, who also managed LFG until June 15, 2000.

On March 23, 1999, the Navarres loaned $3 million to Linnco, which signed a promissory

note for that amount and agreed to pay interest of 10% per annum. LFG was not a party to the loan or the note; in fact, it was precluded from entering into such an agreement by the terms of a commitment agreement with several banks dated June 4, 1998.

On May 2, 2000, Klemen transferred $3,025,000 of LFG's funds to the Navarres to repay the loan. In its complaint, LFG contends that neither Klemen nor Linnco was authorized to make the transfer, that Klemen acted *ultra vires*, and that the Navarres knew or should have known that the transfer was made *ultra vires*. LFG seeks to avoid the transfer of its funds and to obtain $3,025,000 plus interest from the Navarres. It also seeks attorney's fees with respect to the fraudulent conveyance claims and punitive damages on the conversion claim.

Defendants have moved to dismiss or strike all five of LFG's claims or in the alternative for a more definite statement. They argue that Counts 1, 2, and 3 (the fraudulent conveyance claims) fail to satisfy the particularity requirement of the Federal Rule of Civil Procedure 9(b); and that Counts 4 and 5 fail to state a claim, and that LFG's request for punitive damages and attorney's fees should be stricken.

## Discussion

### A.  Counts 1, 2 and 3

The Navarres argue that Count 1 should be stricken or that LFG should be ordered to provide a more definite statement because it fails to satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. "The purpose of requiring that fraud be pleaded with particularity is not...to give the defendant ... enough information to prepare his defense. A charge of fraud is no more opaque than any other

2

charge. The defendant can get all the information he needs by filing a contention interrogatory." *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 469 (7th Cir. 1990). Rather, the purpose of the requirement is "to force the plaintiff to do more than the usual investigation before filing his complaint." *Id.*

Rule 9(b) "requires the plaintiff to state with particularity any circumstances constituting fraud. Although states of mind may be pleaded generally, the circumstances must be pleaded in detail. This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). LFG's complaint complies with these requirements. The "who" is identified in paragraphs 7-12 of the complaint: LFG, the Navarres, Klemen, and Linnco. The "what" is identified in paragraphs 13-20 of the complaint: the original loan is described by naming the amount, the date it was made, and to whom it was made. The allegedly fraudulent repayment of the loan is described in paragraphs 17-20 by naming the amount, the person who authorized it, the recipients of the repayment, the nature of the actions taken to make the repayment, and the circumstances under which the repayment was made. The terms of the promissory note are also described. The "when" is provided in paragraphs 11, 13, and 17, which identify the dates during which Klemen was the manager of LFG, and the dates on which the original loan and the repayment were made.

The Navarres argue (p. 13-14 of the motion to dismiss) that the complaint does not explain why the transfer was fraudulent, why it constituted an *ultra vires* act, or why they should have known the act was *ultra vires*. That is not what Rule 9(b) requires. "Rule 9(b) does not require that the complaint explain the plaintiff's theory of the case, but only that it state the misrepresentation, omission, or other action or inaction that the plaintiff claims was fraudulent.

3

*Midwest Commerce Banking Company,* 4 F.3d 521, 523 (7th Cir. 1993). The Rule does not require the plaintiff "to plead facts showing that the representation is indeed false." *Bankers Trust Company v. Old Republic Insurance Company,* 959 F.2d 677, 683 (7th Cir. 1992). Furthermore, because Rule 9(b) requires only that intent be pleaded generally, LFG does not have to allege how or why the Navarres knew the act was *ultra vires*. For these reasons, the Court declines to dismiss Counts 1, 2, or 3 or to require a more definite statement.

**B.     Count 4**

Count 4 sets forth a claim of conversion. LFG alleges that Klemen unlawfully and without authority took dominion and control over LFG's funds and transferred those funds to the Navarres who, without authority, wrongfully assumed dominion and control over the funds. LFG further alleges that it was the sole and exclusive lawful owner of the funds and that it is entitled to immediate, absolute, and unconditional possession of the funds. Finally, LFG alleges that it has demanded the return of the funds from the Navarres, but they have refused to repay the sums they received.

The Navarres argue that Count 4 is legally insufficient because Illinois law does not recognize a cause of action for conversion of an intangible right like money. They argue that under Illinois law, a claim for conversion cannot be based on a "mere obligation to pay money." The Navarres also argue that when the property allegedly converted is money, the conversion is not actionable unless the money can be described as a "specific chattel," which they contend means that it was a "specific identifiable amount" kept separate from LFG's general funds.

Each of these arguments is based on *In re Thebus,* 108 Ill.2d 255, 260, 483 N.E.2d 1258, 1260 (1985), or on *Horbach v. Kaczmarek,* 95 C 5180, 1997 WL 102540, at *1 (N.D. Ill. Mar. 5,

4

1997), which discusses *Thebus*. The Navarres' first objection, that LFG's claim merely concerns a general debt, misapplies the rule of law established by the Court in *Thebus*.

In *Thebus*, the Supreme Court of Illinois addressed the issue of when a plaintiff can bring a claim for conversion of a sum of money. In that case, the defendant, an attorney, withheld money from his employees' paychecks to pay their federal income taxes but then failed to pay that money to the Internal Revenue Service. The Administrator of the Attorney Registration and Disciplinary Commission sought to discipline the attorney, claiming that he had converted the employees' funds. The court disagreed. It determined that the sum withheld was not a conversion of the employees' funds because the employees had no interest in the funds. *See id.* at 262, 483 N.E.2d at 1261. The court also found that the sum withheld was not a conversion of the government's funds because it was not the government's money. Rather, the plaintiff simply owed a debt to the government. *Id.*

The Navarres' claim that LFG's conversion claim represents a "mere obligation to pay money" evinces a basic misunderstanding of *Thebus*. The primary proposition that *Thebus* stands for is that a plaintiff's claimed interest in the property that was allegedly converted must be one the law protects. *See id.* at 260-3, 483 N.E.2d at 1260-2. In *Thebus*, the government had no protectible interest in the funds because it was simply owed a debt. The same is not true here; the money belonged to LFG. This is sufficient to satisfy the requirement that the victim of a conversion must be someone who has a right to immediate possession of the property.

*Thebus* makes it clear that money can be the subject of a conversion claim. *See id.* at 260, 483 N.E.2d at 1260. The requirement that the money "be capable of being described as a specific chattel," *id.*, is satisfied in this case by LFG's specific identification of the funds that were

5

allegedly converted as a specific amount of money that belonged to LFG. *Thebus* does not require that money have been kept in a separate account as a prerequisite to a claim of conversion. Indeed, the court stated that "there is no requirement that the withheld sums be segregated from the ...general funds or that they be deposited in a special bank account." *Id.* at 262, 483 N.E.2d at 1261. "Money is a specified and identifiable fund when it is not an estimate but rather 'a specific amount transferred to [the defendant] from an outside source.'" *Desmond & Ahern, Ltd. v. Scheffki,* No. 01 C 6098, 2001 WL 1646562, at *10 (N.D. Ill. Dec. 21, 2001) (quoting *Roderick Development Investment v. Community Bank of Edgewater,* 282 Ill. App. 3d 1052, 1059, 668 N.E.2d 1129, 1135 (1996)); it need not be segregated in a separate account. *Roderick,* 282 Ill. App. 3d at 1063, 668 N.E.2d at 1137. *See also Chicago Dist. Council of Carpenters Welfare Fund v. Gleason & Fritzshall,* 295 Ill. App. 3d 719, 726, 693 N.E.2d 412, 416 (1998) ("Money may be identified by its source or description").

The Navarres also argue that Count 4 is deficient because LFG has not explained why it is entitled to immediate possession of the funds. The Federal Rules of Civil Procedure, however, do not require a plaintiff to explain its legal theories in the complaint. *See, e.g., Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir. 1999) (complaint need not spell out every element of a legal theory to provide notice of claim). Count 4 sufficiently sets forth a claim for conversion.

## C.  Count 5

In Count 5, LFG alleges that Defendants were unjustly enriched by the unlawful transfer of LFG's funds. The Navarres argue that Count V fails to state claim for unjust enrichment because it does not set out specific factual allegations to show how Defendants'

acceptance of the loan repayment was wrongful. The Court rejects this argument. As we have discussed, federal pleading rules do not require such matters to be described with particularity in a complaint. Count 5 is pled sufficiently to give the Navarres notice of the nature of the claim.

D.  **Punitive Damages**

LFG's conversion claim (Count 4) includes a request for an award of punitive damages. Defendants argue that Illinois law does not support this request, and they ask that it be stricken. The Court denies this motion. Illinois law permits an award of punitive damages on a claim of conversion. *See Cirrincione v. Johnson,* 184 Ill.2d 109, 114, 703 N.E.2d 67, 70 (1998). Whether LFG will be able to show that punitive damages should be awarded is an issue that will be determined later in the litigation.

E.  **Attorney's Fees**

Each of LFG's claims includes a request for a award of attorney's fees. The Navarres argue that this should be stricken from the state law claims because the law does not support an award of attorney's fees. LFG has not responded to this argument, and the Court agrees with the Navarres. The request for attorney's fees is stricken from Counts 4 and 5. The Court rejects, however, the Navarres' request to strike the request for fees from the fraudulent conveyance claims brought pursuant to the Bankruptcy Code. Those requests are supported by 11 U.S.C. §§ 550, which provides the basis for such an award. *See In re Fugazy Express, Inc.,* 159 B.R. 432, 437 (Bankr. S.D.N.Y. 1993).

### Conclusion

For the foregoing reasons, the Court denies defendants' motion to dismiss or for a

7

more definite statement. The Court grant defendants' motion to strike in part. The requests for attorney's fees are stricken from Counts 4 and 5. The motion to strike is otherwise denied. Defendants are directed to answer the complaint on or before July 10, 2002. The case is set for a status hearing on July 17, 2002 at 9:30 a.m.

Dated: June 26, 2002

_____
MATTHEW F. KENNELLY
United States District Judge